UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TOMMY EARL JONES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:18-CV-124-TAV-DCP |
| DANIEL MILLER and DOCTOR SMITH, | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM OPINION**

Plaintiff Tommy Earl Jones, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

**I.  SCREENING STANDARDS**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th

Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Daniel Miller, a treating physician at the Northeast Correctional Complex ("NECX"), and Dr. Smith, an emergency room doctor at Johnson City Medical, have refused him surgery and pain medication necessary to treat his Chron's disease. [*See* Docs. 1 & 5].

## III. ANALYSIS

A prison official violates the Eighth Amendment with regard to lack of medical care or treatment only when he responds with deliberate indifference to an inmate's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976). This standard requires that the medical condition be objectively serious, but it

also requires that the prison official actually knew of and disregarded the excessive risk to the inmate's health. *Farmer*, 511 U.S. at 837. Therefore, to meet this subjective standard, a plaintiff must establish that the prison official: (1) "perceived facts from which to infer substantial risk to the prisoner;" (2) "did in fact draw the inference;" and (3) "then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

A patient's disagreement with his doctor's choice of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle*, 429 U.S. at 107). "Additionally, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

As a preliminary matter, the Court notes that Dr. Smith is not a proper Defendant in this action, as an emergency room doctor is not a State actor for purposes of § 1983. *See Styles v. McGinnis*, 28 F. App'x 362, 354 (6th Cir. 2001). Accordingly, Dr. Smith must be dismissed from this action.

The Court otherwise finds that Plaintiff cannot sustain this action against Dr. Daniel Miller, as it is apparent from Plaintiff's allegations that Dr. Miller has evaluated Plaintiff and determined that he does not require surgery or pain medication [*See* Doc. 1 p.5; Doc. 5 p. 7]. Plaintiff notes that Dr. Miller has specifically advised him that pain medication

3

will only aggravate his symptoms [Doc. 1 p. 5]. Accordingly, Plaintiff's desire for additional treatment, and/or his disagreement with course of his current treatment, is insufficient to raise a § 1983 claim.[1]

## IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim upon which relief may be granted, and his complaint will be **DISMISSED WITH PREJUDICE** against all named defendants under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(g).

Additionally, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**An appropriate order will enter**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has unsuccessfully raised substantially similar claims against different Defendants in prior lawsuits. *See Jones v. Clement*, 3:16-CV-257-PLR-CCS (E.D. Tenn.); *Jones v. Centurion*, 3:16-CV-322-PLR-CCS (E.D. Tenn.).